[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By writ, summons and complaint, dated April 28, 1993, the plaintiff, Amerigo Scarpa, instituted this action sounding in two counts, one for breach of a written contract, two, in quantum meruit, against the defendant, Robert Casner.
After a full trial to the court, the parties present and represented by counsel, the court, based on the preponderance of the credible, relevant and legally admissible evidence, finds, determines and rules as follows:
The plaintiff is a licensed professional engineer who was engaged by the defendant, a real estate developer, for services in connection with a condemnation proceeding.
The parties met on November 1, 1992, and discussed the scope CT Page 5331 of the plaintiff's services and his fees. The plaintiff forwarded to the defendant, on the next day, a written fee agreement, signed by the plaintiff. The agreement called for the plaintiff to perform his services and be paid at the rate of $100.00 per hour.
The defendant signed the document and returned it to the plaintiff. However, the defendant added the following language to the plaintiff's proposed agreement. "It is understood this agreement is for a maximum of 25 hours, and the engineer will present preliminary reports to the client of his findings. It is agreed that the contract may be extended upon mutual written agreement."
The plaintiff received the agreement, reviewed it for the defendant's signature and filed it. The plaintiff claimed that he did not notice the defendant's amendment to the contract. The parries never met again until they met at the eminent domain trial. The plaintiff prepared maps and drawings, met with defendant's counsel and attended and testified at the condemnation proceedings
The plaintiff billed the defendant in the amount of $11,208.93. The defendant disputed said amount resulting in this lawsuit.
The court construes the plaintiff's letter agreement as an offer and the plaintiff's response thereto with the added time limitation as a counter-offer. The question is whether the plaintiff accepted the defendant's counter offer thereby creating a contractual arrangement between the parties.
"It is axiomatic that, regardless of a parties actual intent, if he conducts himself so as to lead the other party reasonably to conclude that he is accepting an offer to contract, acceptance has taken place as a matter of law." John J. BrennanConstruction Corporation, Inc. v. Shelton, 187 Conn. 695, 709
(1982), citing Blakeslee v. Water Commissioners, 121 Conn. 163,179, 183 A. 887 (1936). Whether a party has conducted himself so as to lead the other party reasonably to infer acceptance is a question of fact for the trial court." John J. Brennan ConstructionCorporation, Inc. v. Shelton, supra, citing Bridgeport PipeEngineering Co. v. DeMatteo Construction, Co., 159 Conn. 242, 249,268 A.2d 391 (1970). CT Page 5332
The court expressly finds that the plaintiff's conduct upon his receipt of the defendant's counter offer led the defendant reasonably to believe that the plaintiff accepted same and was contractually bound by its terms including the limitation of time added by the defendant.
Accordingly, judgment should enter for the plaintiff on his first count to recover of the defendant the sum of $2,500.00.
The plaintiff alleges in his second count that he performed services for the benefit of the defendant who had knowledge of same and was aware that the plaintiff expected payment.
The plaintiff in addition to preliminary work, prepared drawings and map, met with defendant's counsel and testified to a limited extent at the trial.
The court finds, that, in addition to the sum due under count one of the complaint, i.e., $2,500.00, the plaintiff performed services in the reasonable value of $3,000.00.
Accordingly, judgment should enter for the plaintiff on his second count to recover of the defendant the sum of $3,000.00 plus disbursements in the amount of $108.93.
Therefore, judgment is hereby entered for the plaintiff to recover of the defendant the sum of $2,500.00 on count one of the complaint and for the plaintiff to recover of the defendant the sum of $3,108.93 on count two of the complaint, for a total judgment of $5,608.93, plus interest and costs of suit.
SPALLONE STATE TRIAL REFEREE
Judgment entered in accordance with foregoing Memorandum of Decision.
Felicia Santostefano, Assistant Clerk